UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| EDWARD M. HAMPTON, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 1:19-CV-279-HAB-SLC |
| DAVID MATTHEW ZENT, et al., | |
| Defendants. | |

OPINION AND ORDER

Edward M. Hampton, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against Allen County Superior Judge David Matthew Zent and Prosecutor Ashely Rene Fifield alleging they violated his federal and state constitutional rights in order to convict him and sentence him to 15 years in prison. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603.

Nevertheless, a *pro se* complaint must be liberally construed "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Hampton alleges that the defendants have violated his federal and state constitutional rights because they have impeded his efforts to challenge his conviction and sentence. ECF 1 at 2-4. In his complaint, he alleges Judge Zent improperly denied his post-conviction motions to correct errors in his proceedings and to vacate his conviction and sentence due to prosecutorial misconduct. *Id*. at 2-3. Hampton further claims that Prosecutor Fifield knowingly and intentionally used false evidence and perjured testimony to convict him. *Id*. at 3.

Under 42 U.S.C. § 1983, Hampton cannot sue the defendants he has named in his complaint. With respect to Judge Zent, he is immune from suit because "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrine of judicial immunity applies, Hampton cannot proceed on his claim against Judge Zent.

Hampton has also sued Prosecutor Fifield. She likewise is immune from suit. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously,

2

unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Because the doctrine of prosecutorial immunity applies, Hampton cannot proceed on a claim against Prosecutor Fifield.

To the extent Hampton is challenging his confinement and seeking release from prison, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). While this court expresses no opinion on whether Hampton should file a habeas petition, to the extent he is seeking relief only available through a habeas petition, he needs to file a habeas petition in a separate case. The clerk will send him a blank conviction habeas form and in forma pauperis form for his use, if he decides to file a habeas petition challenging his conviction.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. No amendment would change the fact that Hampton has sued the defendants that cannot be liable to him under 42 U.S.C. § 1983.

For these reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim; and

(2) DIRECTS the clerk to send Edward M. Hampton a blank habeas corpus petition, AO-241 (Rev. 1/15) (Conviction, INND Rev. 8/16) and a blank prisoner in forma pauperis petition.

SO ORDERED on July 12, 2019.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT